# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA
# OKLAHOMA CITY DIVISION

| | |
|---|---|
| RANDY ERWIN, Individually and For Others Similarly Situated,<br><br>v.<br><br>AUDIE PRICE INSPECTION, INC., | Case No. **CIV-20-506-JD**<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Randy Erwin (Erwin) brings this lawsuit to recover unpaid overtime wages and other damages from Audie Price Inspection, Inc. (Audie) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

2.      Erwin worked for Audie as an Inspector.

3.      Erwin and the Day Rate Inspectors (defined below) regularly worked more than 40 hours a week.

4.      But Audie did not pay them overtime.

5.      Instead of paying overtime as required by the FLSA, Audie paid Erwin and its other Inspectors a flat amount for each day worked (a "day rate") without overtime compensation.

6.      Audie never paid Erwin or the Day Rate Inspectors a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Audie maintains its headquarters in this District and Division.

10. Specifically, Audie maintains its headquarters in Kingfisher, Oklahoma.

## THE PARTIES

11. Erwin worked for Audie as an Inspector from approximately October 2017 until January 2019.

12. Throughout his employment, Erwin was paid a flat rate for each day worked regardless of the total hours worked in a day or week with no overtime compensation ("day rate pay plan").

13. Erwin's consent to be a party plaintiff is attached as Exhibit 1.

14. Erwin brings a FLSA collective action on behalf of himself and all other Audie's Inspectors who were paid according to Audie's day rate pay plan.

15. Audie paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek.

16. The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> **All Inspectors employed by Audie who were paid a day rate with no overtime compensation at any time during the last 3 years (the "Day Rate Inspectors").**

17. Audie can be served with process by serving its registered agent: **Audie Price, RT 1 Box 24, Dover, Oklahoma 73734**.

## COVERAGE UNDER THE FLSA

18. At all relevant times, Audie was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Audie was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Audie was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

21. At all relevant times, Audie has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

22. At all relevant times, Erwin and the Day Rate Inspectors (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

23. Audie bills itself as a "third party inspection company focusing on natural gas pipelines, compressor stations, and processing plants."[1]

---

[1] http://www.audieprice.com/ (last visited May 27, 2020).

24. To complete its business objectives, Audie hires personnel, such as Erwin, to perform inspection services.

25. Many of these individuals worked for Audie on a day rate basis (without overtime).

26. These workers make up the proposed collective of Day Rate Inspectors.

27. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

28. For example, Erwin worked for Audie as an Inspector from approximately October 2017 until January 2019.

29. Throughout his employment with Audie, Audie paid Erwin on a day rate basis.

30. Erwin and the Day Rate Inspectors work for Audie under its day rate pay scheme.

31. Erwin and the Day Rate Inspectors did not receive a salary as required to be exempt under the FLSA.

32. If Erwin and the Day Rate Inspectors did not work, they did not get paid.

33. Erwin and the Day Rate Inspectors do not receive overtime pay.

34. This is despite the fact that Erwin and the Day Rate Inspectors regularly worked over 40 hours in a week.

35. In fact, Erwin and the Day Rate Inspectors regularly worked 10- to 12-hour daily shifts, for at least 6 days each week.

36. Erwin's schedule is typical of the Day Rate Inspectors.

37. Audie knows Erwin and the Day Rate Inspectors work for more than 10 hours a day, for at least 6 days a week.

38. Audie's records reflect the fact that Erwin and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

39. Audie does not pay Erwin or the Day Rate Inspectors overtime for hours worked in excess of 40 in any of those weeks.

40. Erwin and the Day Rate Inspectors worked in accordance with the schedule set by Audie and/or its clients.

41. Rather than receiving time and half as required by the FLSA, Audie paid Erwin and the Day Rate Inspectors a day rate, regardless of the number of hours they worked in a day or week.

42. Audie's day rate pay plan violates the FLSA because it deprives Erwin and the Day Rate Inspectors of overtime at a rate of 1 ½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

43. Audie is aware, or should have been aware, that the FLSA required it to pay Erwin and the Day Rate Inspectors overtime premiums for all hours worked in excess of 40 hours per workweek.

44. Audie knew Erwin and the Day Rate Inspectors worked more than 40 hours a week.

45. Audie knew, or showed reckless disregard for whether, the Day Rate Inspectors were entitled to overtime under the FLSA.

46. Nonetheless, Audie did not pay Erwin and the Day Rate Inspectors overtime as required by the FLSA.

47. Audie knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

48. Audie wilfully violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

49. The illegal day rate pay plan that Audie imposed on Erwin was likewise imposed on the Day Rate Inspectors.

50. Dozens of individuals were victimized by Audie's pattern, practice, and policy which is in willful violation of the FLSA.

51. Numerous other individuals who worked with Erwin indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

52. Based on his experiences and tenure with Audie, Erwin is aware that Audie's illegal practices were imposed on the Day Rate Inspectors.

53. The Day Rate Inspectors were all not afforded overtime compensation when they worked in excess of 40 hours in a week.

54. Audie's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

55. Erwin's experiences are therefore typical of the experiences of the Day Rate Inspectors.

56. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent class or collective treatment.

57. Erwin has no interest contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Erwin has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

58. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries, and Audie will reap the unjust benefits of violating the FLSA.

60. Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against Audie, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

62. The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members.

63. Among the common questions of law and fact are:

   a. Whether Audie's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

   b. Whether Audie's violation of the FLSA was willful; and

   c. Whether Audie's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

64. Erwin's claims are typical of the claims of the Day Rate Inspectors.

65. Erwin and the Day Rate Inspectors sustained damages arising out of Audie's illegal and uniform employment policy.

66. Erwin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

67. Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### CAUSE OF ACTION
### FLSA VIOLATION

68. Erwin brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

69. Audie's day rate pay plan violates the FLSA because Erwin and the other Day Rate Inspectors did not receive overtime pay for hours they worked in excess of 40 in a week.

70. Audie knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

71. Audie's failure to pay overtime compensation to the Day Rate Inspectors was not based on any reasonable interpretation of the law.

72. Nor was Audie's decision not to pay its Day Rate Inspectors overtime made in good faith.

73. Accordingly, Erwin and the Day Rate Inspectors are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

### JURY DEMAND

Erwin demands a trial by jury.

## PRAYER

Erwin prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Day Rate Inspectors;

b. Judgment awarding Erwin and the Day Rate Inspectors all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Erwin and the Day Rate Inspectors may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    OK Fed ID 14-145
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    OK Fed ID 14-148
    **Taylor A. Jones***
    Texas Bar No. 24107823
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    *\*Pro Hac Vice Application Forthcoming*

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**